UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GUY RANDY WHITE HORSE, | ) | Civ. 04-5020-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION |
| vs. | ) | FOR RELIEF FROM |
| | ) | JUDGMENT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Guy Randy White Horse, moves for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. White Horse was convicted of aggravated sexual abuse of a child on October 18, 2001. The Eighth Circuit Court of Appeals upheld his conviction on March 6, 2003. White Horse filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on February 23, 2004. He was permitted to amend his petition on August 19, 2004. This court denied White Horse's petition for writ of habeas corpus on January 31, 2005. The Eighth Circuit affirmed the denial of White Horse's petition on December 29, 2006. Now White Horse moves for relief from judgment under Rule 60(b)(6) on the ground that a new rule of constitutional law shows that his Sixth Amendment right to confrontation was violated during the trial on his underlying conviction. White Horse did not raise a confrontation clause argument in his previous petition or amended petition.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). White Horse moves under Rule 60(b)(6), which permits reopening when the movant shows any reason that justifies relief that is not set out in the more specific provisions of Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6). The Supreme Court has explained that while Rule 60(b) "has an unquestionably valid role to play in habeas cases," where a Rule 60(b) motion raises one or more claims, it "is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531, 534. Under § 2255,

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, White House raises new substantive arguments in support of his Rule 60(b) motion. He argues that his Sixth Amendment right to confrontation was violated in two ways in the trial in his underlying criminal case. Thus, his Rule 60(b) motion attacks the court's resolution of his petition "*on the merits*," not based on "some defect in the integrity of the federal habeas proceedings."
2

See Gonzalez, 545 U.S. at 532.  Therefore, White Horse's Rule 60(b) motion is in substance a successive habeas petition, and White Horse is required to obtain the applicable certification from the court of appeals to proceed with his motion.  White Horse has not obtained such certification, and as a result, his Rule 60(b)(6) motion is denied.

Based on the foregoing, it is hereby

ORDERED that White Horse's motion pursuant to Rule 60(b)(6) (Docket 54) is denied.

Dated June 1, 2010

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE